IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01527-MSK-MJW

GO FAST SPORTS & BEVERAGE COMPANY,

       Plaintiff,

v.

ADAM BUCKNER,
ADAM BUCKNER d/b/a MERCURY GRAFIX, and
MG CREATIVE LLC, a Colorado Limited Liability Company,

       Defendants.

## ORDER REMANDING CASE TO STATE COURT

THIS MATTER comes before the Court on a Notice of Removal **(#1)** filed by the Defendants. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

The Plaintiff commenced this action in the Denver County District Court, and asserts fifteen claims under Colorado law. In removing the action to this Court, the Defendants specify two grounds for removal in their Notice of Removal. First, they contend that there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. Second, they contend that the action arises under federal copyright law pursuant to 28 U.S.C. § 1338(a) due to their anticipated, compulsory counterclaim alleging a violation of federal copyright law.

Federal district courts are courts of limited jurisdiction, and must have both a constitutional and statutory basis for exercising jurisdiction. *See Lovell v. State Farm Mut. Auto. Ins. Co.,* 466 F.3d 893, 897 (10th Cir. 2006); *Estate of Harshman v. Jackson Hole Mountain*

*Resort Corp.,* 379 F.3d 1161, 1164 (10th Cir. 2004). Consequently, courts have an independent obligation to examine their jurisdiction in every case, even when the issue of jurisdiction is not raised by any party. *See Lovell*, 466 F.3d at 897. Statutes which confer federal court jurisdiction – particularly removal statutes – are to be narrowly construed so as to preserve the limited role of federal courts. *See Pritchett v. Office Depot, Inc.,* 420 F.3d 1090, 1094-95 (10th Cir. 2005). When it "appears" that a district court lacks subject matter jurisdiction, it is required to remand the case to state court. 28 U.S.C. § 1447(c).

One statutory basis for federal court jurisdiction is 28 U.S.C. § 1332, under which a court exercises so-called "diversity jurisdiction" over state law claims. This statute provides, in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a). Another statutory basis for federal court jurisdiction is 28 U.S.C. § 1338(a), which provides: "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases."

In this case, the Plaintiff alleges that it is a Colorado corporation with a principal place of business in Colorado, and that one of the Defendants, MG Creative LLC, is a Colorado Limited Liability Company. The citizenship of a limited liability company is that of its members. *See Carden v. Arkoma Associates,* 494 U.S. 185, 195 (1990); *GMAC Commercial Credit, LLC v. Dillard Dept. Stores, Inc.,* 357 F.3d 827, 828-29 (8th Cir. 2004). According to MG Creative LLC's articles of organization, which are attached to the Notice of Removal, one of its members

is Mary Gayer of Englewood, Colorado. Thus, like the Plaintiff, it is a citizen of Colorado.

The Defendants contend that the Court can disregard the citizenship of MG Creative LLC, for two reasons: (1) it was administratively dissolved, therefore the entity no longer exists and cannot be sued; and (2) it is mistakenly named as a Defendant.

Administrative dissolution of a perpetual LLC does not destroy its citizenship for diversity purposes if the LLC continues to exist under state law after administrative dissolution. *See, e.g., Tri-County Metropolitan Transp. Dist. of Oregon v. Butler Block, LLC,* slip opinion, 2008 WL 2037306 (D. Or. May 7, 2008). The articles of organization submitted by the Defendants with their Notice of Removal state that MG Creative LLC is a perpetual LLC which was "administratively dissolved" in March 2005. As of that date, Colorado law provided that "A limited liability company administratively dissolved continues its existence but shall not carry on any business except as is appropriate to wind up and liquidate its business and affairs under section 7-80-803 and to give notice to claimants in the manner provided in sections 7-80-804 and 7-80- 805." § 7-80-808(3), C.R.S. (repealed effective October 1, 2005). Thus, by operation of Colorado law, administrative dissolution of MG Creative LLC did not terminate its existence.

As a consequence, the Court considers MG Creative LLC's citizenship in assessing whether there is diversity jurisdiction. The Court does so, recognizing that the Defendants believe that MG Creative LLC is not a proper party to this action. Whether MG Creative LLC should be a party is not an issue presently before the Court; that is a matter for the state court to determine. Until and unless the claims against MG Creative LLC are dismissed, the parties are not diverse and the Court cannot exercise jurisdiction in accordance with 28 U.S.C. § 1332.

As for the Defendants' argument that the Court has exclusive jurisdiction pursuant to 28

U.S.C. § 1338(a), this is premised upon an anticipated counterclaim not yet asserted. Thus, assuming such a counterclaim could confer exclusive jurisdiction on this Court, which the Court doubts, *see Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830-32 (2002) (a patent infringement counterclaim could not serve as the basis for "arising under" jurisdiction for purposes of 28 U.S.C. § 1338(a)), it is not yet pled and cannot serve as the basis for subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that this action is **REMANDED** to the Denver County District Court. The Clerk of Court is directed to close this case.

Dated this 23rd day of July, 2008

**BY THE COURT:**

Marcia S. Krieger
United States District Judge